Howe, J.
The plaintiff in this case alleged in his original petition that, in the year 1844, he and John Nicholson purchased from the defendant, the New Orleans and Carrollton Bailroad Company, ceitain lots of ground in the city of New Orleans, for the price of §19,050; and that in the year 1852, he acquired the interest of Nicholson; Chat afterwards a bill in equity was filed against him in the Circuit Court of the United States by Myra Clark Gaines, claiming these lots as heir of Daniel Clark, her father, and that on appi al, the Supreme Court of the United States rendered a decree in favor of Mrs. Gaines, declaring her to be the rightful owner of the lots in question, and remanded the case to the Circuit Court with orders to place Mrs. Gaines in possession, and to order an account of the rents and profits from May 13, 1844, to be given by petitioner to Mrs. Gaines ; that petitioner was thereupon evicted from, possession of the property; that the New Orleans and Carrollton Bailroad Company, sold the property to petitioner and Nicholson with fiill warranty, and petitioner had been subrogat'ed to all of Nicholson’s fights; and that he therefore, claimed judgment against the Company for the price ($19,050,) with -interest from the date of eviction, reserving his right of action for such further sum as he might be thereafter declared to be liable for, to Myra Clark Gaines.
The defendants answered, and called in warranty John Kiddleton, tliéir vendor, and Azelie Lavigne, the vendor of Kiddleton; and Kiddleton appeared and answered. The plaintiff thereupon, filed an amended and supplemental petition, claiming, in addition to the price paid for the lots, the reimbursement of such sums as he might be adjudged to pay .Mrs. Gaines for costs and for mesne profits, or rents and revenues; To this supplemental petition the defendant, Kiddleton, excepted on the ground, that he could not safely answer, until plaintiff should file a detailed statement of the amount and items of both the claim for costs, and for rents and profits. . .
The exception was maintained, and fifteen days allowed to plaintiff to file a detailed account. The account not having been filed within the -time thus prescribed, the defendant, Kiddleton, took a rule to show cause why the plaintiff’s petition and suit should not be dismissed. A copy of this rule was served on plaintiff, and the rule was continued several times. On the 18th of May, 1866, it was continued indefinitely; on the 19th, it was again fixed by the counsel of Kiddleton for the 23d; but no notice of such fixing appears to have been given to plaintiff, and, on the 23d, the plaintiff being absent, and not represented, the rule was *545 made absolute, and the suit, including the original petition as well as the one excepted to, dismissed. From the judgment of dismissal, the plaintiff appealed to this court.
There was error in the judgment.
Even if the plaintiff had been regularly notified of the hearing of the rule for the 23d of May, it is difficult to see how the maintenance of the exception could have properly had any effect upon the plaintiff’s original petition. But without expressing any opinion on this point, it is enough to say that the plaintiff was entitled to notice of the fixing of a rule, which had been continued indefinitely, in the same manner as he would have been entitled to notice of a new rule, and the case should therefore be remanded, that the rule may be regularly heard.
It is therefore ordered and adjudged, that the judgment appealed from be avoided and reversed, and that this case be remanded to the District Court, for further proceedings therein, according to law, the appellee, Kiddleton, to pay the costs of the appeal.